## Stephenson *versus* Carpenter.

The mortgage in suit contained a clause providing that in case default should be made in the payment of any of the instalments of principal, for the period of thirty days after they become due, then the whole principal was to become forthwith payable. Plaintiff in scire facias averred that instalment due December 23d 1875 was unpaid, and claimed the whole amount of mortgage. Defendant, in his affidavit of defence, set forth that the mortgage was for balance of unpaid purchase-money of land, sold by order of Orphans' Court, at which sale it was announced that the purchaser would take title discharged from the lien of mortgage of Bridge; that on July 31st 1875, Bridge sued out a writ of scire facias, and said proceeding was pending December 23d 1875, when first instalment was due, and continued pending until July 17th 1876, when discontinued, and that when informed of discontinuance, defendant had tendered amount of instalment then due which was refused. *Held* (reversing the court below), that this was a good defence, and that pending these proceedings, defendant was not bound to pay the first instalment.

October 30th 1876.    Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, PAXSON and WOODWARD, JJ.    WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1876, No. 232.

This was a scire facias issued by A. R. Carpenter, administrator of the estate of Samuel Bridge, Jr., deceased, against James Stephenson.

The proceeding was upon a mortgage, dated December 23d 1874, to secure a bond of defendant conditioned for the payment of $3466.66, in two equal annual instalments from the 23d of December 1874, with interest payable semi-annually, and in case of default of payment of one of the instalments of principal, or interest, for the period of thirty days, the whole of the principal and interest was to become due and payable, and a writ of scire facias was to issue to recover the whole amount unpaid, together with the expenses of the proceedings and attorney's commission of five per cent., with costs, &c.

In his affidavit of claim the plaintiff averred that there was due on 23d December 1875 the sum of $1733.33, with six months' interest on $3466.66, from June 1875, and that on the 23d of June 1876 interest was again due by the terms of the mortgage, and that defendant had not paid anything whatever on said principal sum of $3466.66, nor any interest accruing since June 23d 1875, so that the whole of the principal and interest was due and unpaid.

Defendant in his affidavit of defence set out that he purchased from A. R. Carpenter, administrator of the estate of Samuel Bridge, Jr., deceased, at public sale, made by order of the Orphans' Court for the payment of the debts of said decedent, the lot described in the mortgage on which this suit is brought. That at said sale the auctioneer announced publicly to the bidders that the said lot was offered for sale discharged from all liens, stating particularly that it

[Stephenson *v.* Carpenter.]

was offered discharged from the lien of a certain mortgage of the said decedent to Samuel Bridge; that affiant purchased said lot upon the conditions stated, paid the cash payment required by the terms of sale, and gave the mortgage upon which this suit is brought to secure the balance of purchase-money; that on the 31st day of July 1875 Samuel Bridge, Sr., as affiant verily believes and expects to be able to prove, by collusion with the plaintiff in this case, caused a writ of scire facias to be issued upon said mortgage of Samuel Bridge, Jr., to Samuel Bridge, at No. 314, October Term 1875, claiming the sum of $2000, with interest from the 22d day of April 1873, in all about $2270; that the said suit was pending until the 17th day of July 1876, when it was discontinued; that if affiant had paid said instalment and interest, due December 23d 1875, to the plaintiff in this suit, while the aforesaid suit was pending, there would have remained owing to the said plaintiff from affiant only the sum of $1733.33⅓, with interest for one year, $104, in all $1837.33⅓, due December 23d 1876, or about $436 less than the claim of Samuel Bridge, for which the said lot would have been bound in case judgment had been obtained by said Samuel Bridge upon his scire facias; that the said administrator made no defence to said scire facias, and as affiant verily believes for the purpose of defrauding affiant by suffering judgment to be entered by default.

Affiant further says that he has been at all times willing to pay the instalment of said mortgage and interest whenever he was legally liable to pay the same; that he is informed, and verily believes, that he was not legally bound to pay said instalment, or the interest due December 23d 1875, while the said suit of Bridge *v.* Carpenter, administrator, was pending, and that he had a good and sufficient legal defence to the payment of said instalment and interest until said suit should be settled or discontinued; that before suit was brought he made a legal tender of the said instalment due December 23d 1875, and the interest on the whole mortgage, to wit: $1950, which was refused.

Affiant further says that by the default of the plaintiff he was compelled to defend the suit of Bridge *v.* Carpenter, and that he is justly entitled to a set-off of $100 for attorney's fees and for time and trouble in defending said suit.

A rule for judgment was entered by plaintiff for want of sufficient affidavit of defence, which rule was made absolute by the court, and defendant took this writ, assigning for error this entry of judgment.

*Joseph Hays*, for plaintiff in error.—A purchaser who has received his deed and given a mortgage for the purchase-money may deduct therefrom encumbrances known to him at the time he made the contract: Wolbert *v.* Lucas, 10 Barr 73; may retain purchase-money until encumbrance is paid off: Sugden on Vend. 312; may

[Stephenson v. Carpenter.]

retain for encumbrances, although no covenant against: Wither v. Atkinson, 1 Watts 248; Coke et al. v. Kelly, Assignee of Case, 13 S. & R. 167. In a mortgage payable by instalments, with a stipulation that if the instalments be not promptly paid a sci. fa. may issue for the whole amount of the mortgage, if the non-payment be caused by any act or default of the mortgagee, the mortgagor may defend by pleading such act or default in abatement: Ewart v. Irwin, 1 Phila. R. 78.

*M. A. Woodward*, for defendant in error.

Mr. Justice SHARSWOOD delivered the opinion of the court, November 13th 1876.

This was a scire facias on a mortgage by the plaintiff in error, to the defendant in error, administrator of Samuel Bridge, Jr., to secure the payment of the sum of $3693.73 in two instalments, one falling due December 23d 1875, and the other December 23d 1876, with interest. The mortgage contained a clause providing that in case default should be made in the payment of the principal sum or sums for the period of thirty days after the same should become due and payable, then the whole principal was to become due and be forthwith recoverable. The allegation of the plaintiff below was, that the instalment due December 23d 1875, was unpaid with interest, and he claimed to recover a judgment for the whole amount of the mortgage.

The defendant below filed an affidavit of defence in which he averred that the mortgage in suit was given to secure the balance of the purchase-money of the land, which was sold at public sale made by order of the Orphans' Court, at which sale it was announced, that the purchaser would take his title clear and discharged from the lien of a certain mortgage of record given by the decedent to Samuel Bridge; that on July 31st 1875, Samuel Bridge sued out a writ of scire facias, and said proceeding was pending on the 23d December 1875, when the first instalment fell due and continued pending until July 17th 1876, when it was discontinued; that as soon as he was informed of the discontinuance, he tendered to the attorney of the plaintiff the amount of the instalment then due with interest, which was refused. The court below gave judgment for want of a sufficient affidavit of defence. In this we think there was error.

We have nothing on this record to show whether the mortgage to Samuel Bridge was or was not a valid lien on the premises. It is immaterial to the question, whether under the clause of the mortgage before referred to a forfeiture had been incurred, and the whole principal and interest had become due and immediately recoverable, whether it was or was not. The defendant here does not set up that mortgage as a subsisting valid encumbrance and a defence to the

[Stephenson *v.* Carpenter.]

payment of the mortgage in suit. In that case he would undoubtedly have to aver or show that it was a valid prior lien. He claims only that the pendency of legal proceedings on that mortgage excused the forfeiture which would otherwise have been incurred by non-payment of the first instalment. By the terms of the contract of sale under which he became the purchaser, as averred in the affidavit of defence, the plaintiff undertook to protect him from the mortgage of Samuel Bridge, and to indemnify him against any legal proceedings upon it. When that suit was instituted the plaintiff was bound to defend the title of his vendee, and pending the proceedings the plaintiff in error was not bound to pay the first instalment. Had the plaintiff below failed or neglected to defend his title, and judgment had gone against the premises, it would have been a valid defence *pro tanto*, and the claim of Samuel Bridge on his mortgage was for more than the amount of the first instalment. Under such circumstances a court of equity would certainly have relieved against the forfeiture, and equity is part of the law of Pennsylvania.

Judgment reversed and *procedendo* awarded.